UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARLOS MARTINEZ, JR. and RENEE MARTINEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No: 2:15 CV 35 ) |
| COUNTY OF PORTER, INDIANA, et al., | ) ) ) ) |
| Defendants. | ) |

**OPINION and ORDER**

I.   **BACKGROUND**

This matter is before the court on defendant's motion to dismiss. (DE # 23.) On January 7, 2016, defendants propounded their first set of interrogatories and first request for production of documents upon plaintiffs. (DE # 22.) Despite some communication between plaintiffs' and defendants' counsel that occurred through April 25, 2016, plaintiffs did not provide any responses to the discovery requests. (*Id.*) Defendants then moved to compel plaintiffs' responses to the first set of interrogatories and first request for production of documents on April 26, 2016. (DE # 21.) Plaintiffs did not respond to the motion. The court granted the motion to compel and ordered plaintiffs to serve their discovery responses on or before May 31, 2016. (DE # 22.) The court also ordered plaintiffs to file, on or before that same date, a brief setting forth why the court should not order plaintiffs to pay defendants' reasonable fees incurred in bringing the motion to compel. (*Id.*)

In the six months since, plaintiffs have failed to comply with the court's order. Plaintiffs have not filed a brief with the court regarding fees. Furthermore, defendants assert that plaintiffs have not responded to the discovery requests, as required by the order. (DE # 23 ¶ 3.)

On June 30, 2016, defendants filed a motion to dismiss plaintiffs' complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (DE # 23.) Defendants argue that plaintiffs inaction has triggered two prongs of Rule 41(b): the failure to prosecute and the failure to comply with a court order. (DE # 24 at 2.) Plaintiffs have not responded to the motion to dismiss, and have not filed anything with the court since defendants filed the motion to compel.

II.  **LEGAL STANDARD**

According to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, dismissal for want of prosecution is "an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Nevertheless, the court is not required to impose graduated sanctions before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). Additionally, the Seventh Circuit has suggested a number of factors that are relevant to the court's decision under Rule 41(b): "the frequency of the plaintiff's failure

2

to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo*, 656 F.3d at 561.

### III. DISCUSSION

First, plaintiffs have repeatedly failed to comply with deadlines. Plaintiffs failed to comply with initial discovery deadlines, and then, once the court issued specific deadlines in its order on the motion to compel, plaintiffs failed to comply with those deadlines as well.

Second, the responsibility for the mistakes is attributable to plaintiffs themselves rather than their attorneys. As defendants outlined in their motion to compel and its supporting documentation, plaintiffs' counsel repeatedly contacted defendants' counsel and explained that his clients had not been responsive and were failing to deliver the promised discovery responses. (*See* DE ## 21 ¶¶ 3, 5, 6, 9, 15; 21-2, 21-4; 21-5; 21-8; 21-14.)

Third, this delay has had a detrimental effect on the court's calendar. The court has entertained multiple motions for extension of time to complete discovery and has extended discovery deadlines on several occasions, due to plaintiffs' delay. (*See, e.g.,* DE ## 17, 18, 19, 20.)

Fourth, plaintiffs have also caused prejudice to defendants. As the Seventh

3

Circuit has recognized, prejudice may arise from the mere continued existence of the suit, by tying up a defendant's time and prolonging uncertainty and anxiety. *Ball*, 2 F.3d 752 at 759. This type of prejudice "is an important consideration in the choice of sanctions." *Id*. Furthermore, plaintiffs' inactivity has forced defendants to allocate time and resources to the drafting and filing of a motion to compel and multiple motions for extensions of discovery deadlines.

Lastly, whether or not the case carries any merit or social objective, such considerations are outweighed by the above factors along with plaintiffs' own abandonment of the case. The failure of plaintiffs to take any action over the past six months, even in light of a court order requiring such action, necessitates a harsh sanction. Given the above analysis, the court finds that the factors under Rule 41(b) weigh heavily in favor of dismissal.

The court also notes that the Seventh Circuit has held that there should be an explicit warning provided to a plaintiff before his case is dismissed for failure to prosecute. *See Ball*, 2 F.3d at 755. Yet, the Seventh Circuit has also held that this "warning requirement" is, in fact, "not a rigid rule" but was instead intended as "a useful guideline to district judges." *Kasalo*, 656 F.3d at 562 (internal quotation marks omitted); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006) ("The purpose of requiring a warning is not to entrap district judges, but to make sure that the plaintiff is warned."). The court has not issued such an explicit warning prior to this order. However, the warning need not always come directly from the court. *Id*.

Plaintiffs were put on notice that their case could be dismissed for failure to prosecute when defendants filed their motion to dismiss. *See id.* (finding warning given to plaintiff was adequate due to multiple factors, but placing "particular emphasis" on defendant's motion which requested dismissal for failure to comply with discovery deadlines). Despite that notice, plaintiffs failed to respond to the motion.

IV.   **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (DE # 23) is **GRANTED** and it is hereby **ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**SO ORDERED.**

Date: November 30, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT